IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUNBELT RENTALS, INC.                                                    PLAINTIFF

V.                                          CIVIL ACTION NO.: 1:20-cv-00283-CG-MU

POLYCON USA, LLC; APEX MARINE & INDUSTRIAL
RECYLCING, LLC; AND MATT WALKER                        DEFENDANTS

---

## FIRST AMENDED COMPLAINT

---

Pursuant to Fed. R. Civ. P. 15(a)(2),[1] Plaintiff Sunbelt Rentals, Inc. ("Sunbelt") files this First Amended Complaint against Polycon USA, LLC ("Polycon"), Apex Marine & Industrial Recycling, LLC ("Apex"), and Matt Walker ("Walker").

### Parties

1.      Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2.      Defendant Polycon is an Alabama limited liability company. Upon information and belief, all of its members are adult resident citizens of Alabama.

3.      Defendant Apex is an Alabama limited liability company. Upon information and belief, all of its members are adult resident citizens of Alabama.

4.      Defendant Walker is an adult resident citizen of Alabama.

---

[1] Defendant Polycon consents to the filing of this Amended Complaint. *See* Doc. No. 11 (Report of Rule 26(f) Planning Meeting) at ¶ 1 ("Polycon does not oppose Sunbelt's request to be allowed to amend its complaint to add defendants as described."); *see also* Doc. No. 12 (Notice of Joiner in Report of Parties' Planning Meeting).

## Jurisdiction

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy, including attorney's fees, exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## Venue

6.    Venue is proper in this Court because "a substantial part of the property that is the subject of the action is situated" in the Southern Division of the Southern District of Alabama. *See* 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 81(c)(2).

## Facts

7.    Sunbelt rents equipment to its customers for use primarily in construction projects.

8.    Polycon is a general contractor.

9.    On September 25, 2012, Susan T. Elliott, Secretary of Polycon, executed on Polycon's behalf a Sunbelt credit application (the "Application").

10.    A copy of the Application is attached as Exhibit 1.

11.    Sunbelt's approval of the Application established an open account through which Polycon could rent equipment from Sunbelt on credit.

12.    The contractual terms ("Open Account Terms") that apply to the open account are attached as Exhibit 2.

13.    During 2019, Sunbelt rented certain equipment (the "Equipment") to Polycon.

14.    Polycon did not fully pay Sunbelt the rental charges for the Equipment.

15.    Unpaid invoices (the "Invoices") reflecting the Equipment Polycon rented from Sunbelt and the associated rental fees are attached as Exhibit 3.

16.    An account summary that includes all of the Invoices is attached as Exhibit 4.

17.    Exhibit 4 reflects that, as of March 31, 2020, the total unpaid principal amount of the Invoices is $72,641.29 (the "Principal Amount").

18.    The Open Account Terms provide for a service charge that accrues at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid.

19.    The Open Account Terms provide that Sunbelt can recover from Polycon the reasonable attorneys' fees and costs Sunbelt incurs to collect amounts Polycon owes Sunbelt.

20.    One project (the "Project") on which Polycon used some of the Equipment is a project located at 909 Cochrane Bridge Road, Yard 9, Blakely Island, Mobile, Alabama.

21.    All of the Equipment used by Polycon on the Project is referred to collectively herein as the "Project Equipment."

22.    Upon information and belief, Polycon leased to Defendant Apex all or a portion of the property on which the Project was located so that Apex could perform work on the Project.

23.    Upon information and belief, Defendant Walker is an agent of Defendant Apex.

24.    Defendant Walker signed as the recipient of several deliveries of the Project Equipment rented from Sunbelt and delivered to the property on which the Project was located. *See* Invoices (Ex. 3) at 14-22, 25, 30-32, 34-35, and 37-40.

25.    Upon information and belief, Defendant Walker rented on Polycon's behalf certain Project Equipment from Sunbelt for use on the Project.

26.    Polycon claims that it had not given Walker authority to rent Project Equipment on Polycon's behalf.

27.    Polycon did not fully pay Sunbelt for the use of the Project Equipment that Sunbelt rented to Polycon for the Project.

28.     The Open Account Terms incorporate all of the terms of Sunbelt's rental contract (the "Rental Contract") found on Sunbelt's website.

29.     An accurate copy of the Rental Contract is attached as Exhibit 5.

30.     Polycon also agreed to the terms of the Rental Contract when it accepted each piece of Equipment.

31.     Apex also did not pay Sunbelt for the use of the Project Equipment.

32.     Walker also did not pay Sunbelt for the use of the Project Equipment.

## COUNT 1 – BREACH OF CONTRACT

33.     Sunbelt incorporates the previous allegations contained in this Complaint.

34.     The Open Account Terms, the Rental Contract and the Invoices constitute the contract between Sunbelt and Polycon.

35.     Polycon breached that contract by not fully paying Sunbelt for its rental of the Equipment.

36.     Sunbelt suffered damages because of Polycon's breach of contract.

## COUNT 2 – ACTION ON OPEN ACCOUNT

37.     Sunbelt incorporates the previous allegations contained in this Complaint.

38.     Polycon owes Sunbelt $72,641.29 due by open account.

## COUNT 3 – QUANTUM MERUIT AGAINST APEX

39.     Sunbelt incorporates the previous allegations contained in the Complaint.

40.     Sunbelt provided valuable goods and services to Apex by delivering the Project Equipment to the Project for Apex's work on the Project.

41.     Apex received the Project Equipment through its agent, Walker.

42.     The circumstances between these parties are such that the parties should have reasonably understood at all relevant times that Sunbelt expected to be compensated for the rental of the Project Equipment.

43.     The circumstances also demonstrate that it would be unjust for Apex to benefit from the use of the Project Equipment without paying Sunbelt for the use of the Project Equipment.

44.     Therefore, Apex is liable to Sunbelt on a theory of quantum meruit and is liable to Sunbelt for the value of the benefit Sunbelt conferred upon Apex.

## COUNT 4 – QUANTUM MERUIT AGAINST WALKER

45.     Sunbelt incorporates the previous allegations contained in the Complaint.

46.     Sunbelt provided valuable goods and services to Walker by delivering the Project Equipment to the Project for Walker's work on the Project.

47.     Walker received the Project Equipment.

48.     The circumstances between these parties are such that the parties should have reasonably understood at all relevant times that Sunbelt expected to be compensated for the rental of the Project Equipment.

49.     The circumstances also demonstrate that it would be unjust for Walker to benefit from the use of the Project Equipment without paying Sunbelt for the use of the Project Equipment.

50.     Therefore, Walker is liable to Sunbelt on a theory of quantum meruit and is liable to Sunbelt for the value of the benefit Sunbelt conferred upon Walker.

## COUNT 5 – UNJUST ENRICHMENT

51.     Sunbelt incorporates the previous allegations contained in this Complaint.

52.     Sunbelt furnished the Equipment under such circumstances that would render it unjust for Defendants to retain the benefit of said Equipment without paying for the same. As a result, Defendants are liable to Sunbelt for the value of such Equipment, under the theory of unjust enrichment.

## PRAYER FOR RELIEF

ACCORDINGLY, Sunbelt respectfully requests that the Court enter a judgment in Sunbelt's favor and against Defendants Polycon USA, LLC; Apex Marine & Industrial Recycling, LLC; and Matt Walker, making Defendants liable to Sunbelt for the following:

a.   the Principal Amount,

b.   service charges that have accrued and that will continue to accrue until the Principal Amount and subsequent rental fees are fully paid,

c.   all other damages Sunbelt has suffered,

d.   Sunbelt's reasonable and necessary attorneys' fees and costs,

e.   pre-judgment interest,

f.   post-judgment interest, and

g.   any other relief that the Court deems appropriate.

Dated: November 9, 2020.

Respectfully submitted,

SUNBELT RENTALS, INC.

By: */s/ Anna Little Morris*


Matthew A. Barley
BUTLER SNOW LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Tel.: (205) 297-2153
Fax: (205) 297-2201
Email: Matt.Barley@butlersnow.com

Anna Little Morris (*admitted pro hac vice*)
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
(39157)
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(T) 601-985-4487
(F) 601-985-4500
(E) anna.morris@butlersnow.com

*Attorneys for Sunbelt Rentals, Inc.*

<u>Certificate of Service</u>

I, Anna Little Morris, certify that on this date I filed the foregoing using the Court's electronic

filing system, which provided notice to the following counsel of record:

A. Clay Rankin III
Rankin Law LLC
6463 Willowbridge Drive
Farihope, AL 36532
clay.rankin@gmail.com
kalindas211@gmail.com

*Attorney for Defendant Polycon USA, LLC*

Dated: November 9, 2020.

*/s/ Anna Little Morris*
Anna Little Morris

55432230.v1